## COMERFORD v. SMITH.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. WAREHOUSEMAN—INJURIES TO CHATTELS—DAMAGE—EVIDENCE.

   Where, in an action against a warehouseman for breaking a bisque figure, it was proved that the figure originally cost plaintiff $55, but an expert testified in plaintiff's behalf that at the time it was broken it was worth $45, and if restored (the pieces having been saved) would be worth from $8 to $10, the proof did not authorize an allowance of the entire purchase price for the figure.

2. SAME.

   Where, in an action against a warehouseman for injuries to a china dinner set, plaintiff testified that the set cost her $55, but the evidence of damage was limited to the statement that five or six pieces were broken, and the significance of the broken pieces was not shown, and there was no proof of their market value, the cost to replace them, or the difference in value of the entire set before and after the accident, an allowance of $40 for the injuries to such set was erroneous, as speculative and conjectural.

3. SAME—RECEIPT—CONCLUSIVENESS.

   A receipt to a warehouseman on return of the goods, reciting their return "in good condition," is not conclusive on the receiptor in an action for injuries to the goods.

Appeal from Municipal Court of New York. ·

Action by Minnie Comerford against Annie P. Smith. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed.

¶ 3. See Evidence, vol. 20, Cent. Dig. § 1838.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Augustus M. Price, for appellant.

Frederick E. Fishel, for respondent.

HIRSCHBERG, J. The defendant is the proprietor of a storage warehouse, and had for safe-keeping some crockery and ornaments belonging to the plaintiff. On the return of the articles to the plaintiff the van was negligently upset, and the plaintiff has recovered a judgment for the sum of $113 damages alleged to have been thereby occasioned, less the defendant's charge for storage and cartage. The evidence given on the trial, while disputed and conflicting, would support the result, but for the fact that there was no adequate proof to justify the assessment of damages.

The two main items of damage allowed by the court are the sum of $55 for a bisque figure, and $40 for a dinner set of china. The bisque figure originally cost the plaintiff $55, but the evidence of an expert examined in her behalf was to the effect that at the time it was broken by the defendant's carelessness it was worth $45, and if restored (the pieces having been saved) would be worth from $8 to $10. On this proof, it was error to allow the plaintiff the entire original purchase price.

The china dinner set, the plaintiff testified, cost her $55, and the evidence of damage was limited to the statement that five or six pieces were broken. It was not shown whether the broken pieces were important or insignificant; to what extent, if any, their broken condition depreciated the rest of the set; what was the market value of the pieces which had been broken; what it would cost to replace them; or the difference in value of the entire set before and after the accident. Under the circumstances, the estimate of $40 damages was purely speculative and conjectural.

The plaintiff receipted in writing for the goods, upon their return to her, as in good condition. It was, of course, permissible for her to explain the circumstances under which the receipt was given, and to show that the document was not necessarily inconsistent with the existence of her claim. But she could not properly recover damages without proving the amount by satisfactory evidence, such as is clearly within her power, and as is required by the settled rules of law. The judgment should be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.